UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GONZALEZ,<br><br>             Petitioner,<br><br>     v.<br><br>DERRAL G. ADAMS,<br><br>             Respondent.        / | CV F   07-00859 AWI DLB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 19] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

Petitioner is in custody for a conviction of first degree murder with a firearm use enhancement. Petitioner was sentenced to a life term with the possibility of parole, plus twenty-five years to life. (Lodged Doc. No. 1.)

Petitioner filed a timely notice of appeal. On April 16, 2004, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. No. 2.) On June 23, 2004, the California Supreme Court denied review. (Lodged Doc. No. 3.)

Petitioner subsequently filed three pro se post-conviction collateral petitions challenging his conviction. The first petition was filed in the Madera County Superior Court on November

23, 2005, and denied on March 21, 2006.[1]  (Lodged Doc. Nos. 4, 5.)

The second petition was filed in the Fifth District Court of Appeal on May 4, 2006, and denied on May 11, 2006.  (Lodged Doc. Nos. 6, 7.)

The third petition was filed in the California Supreme Court on May 30, 2006, and denied on January 17, 2007.  (Lodged Doc. Nos. 8, 9.)

Petitioner filed the instant federal petition for writ of habeas corpus on June 6, 2007.

Respondent filed the instant motion to dismiss on October 1, 2007.  (Court Doc. 19.) Petitioner filed an opposition on October 30, 2007, and Respondent filed a reply on November 7, 2007.  (Court Docs. 23, 25.)

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

---

[1] Although the mailbox rule is applicable to filing of state habeas corpus petitions, as explained infra, because the filing far exceeded the one-year statute of limitations period, the Court will apply the date the pleadings were actually filed with the courts, as the mailbox rule does not benefit Petitioner in any way.

to dismiss pursuant to its authority under Rule 4.

B.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on October 14, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the California Supreme Court denied Petitioner's petition for review on June 23, 2004.[2]  Thus, direct review became final on September 21, 2004, when the ninety

---

[2] Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

3

1  (90) day period for seeking review in the United States Supreme Court expired.[3] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from September 22, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Therefore, the statute was set to expire on September 21, 2005. Petitioner did not file the instant petition until June 6, 2007.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[4] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. The limitations period, however,

---

[3] See Sup. Ct. R. 13(1)

[4] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

4

will not toll for the time a petition for writ of habeas corpus is pending in federal court. <u>Duncan v. Walker</u>, 533 U.S. 167 (2001).

Petitioner did not file his first post-conviction collateral petition until November 23, 2005. By this time, 427 days had passed, exceeding the one-year statute of limitations under AEDPA. Moreover, although the limitations period was statutorily tolled from November 23, 2005 (date first petition was filed) through January 17, 2007 (date petition denied by California Supreme Court), another 140 days of the limitations lapsed before the petition was filed in this Court on June 6, 2007. <u>See</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1007 (9th Cir. 1999) (no tolling for the period between finality and the filing of an application for post-conviction or other collateral review in federal court.)

In his opposition, Petitioner initially contends that Respondent's motion to dismiss is untimely by two days. Petitioner is mistaken. The Court's order of July 31, 2007, directed that a motion to dismiss be filed within sixty (60) days from the date of service of that order. Sixty days from July 31, 2007, was Saturday, September 29, 2007. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, whenever the last day to file a document ends on a Saturday, Sunday, or legal holiday, the deadline extends until the end of the next day which is not one of the aforementioned days. Here, the deadline extended to Monday, October 1, 2007, the date Respondent filed its motion to dismiss.

Petitioner further contends that his state habeas corpus petitions raised two new ineffective assistance of trial and appellate counsel claims, which could not have been raised on direct appeal. Even if this is true, it does not excuse non-compliance with the one-year statute of limitations deadline. Petitioner further contends that the Superior Court found his state petition to have been plead with sufficient facts to warrant a response. The merits of an underlying petition have no consequence on the limitations period. <u>See</u> e.g. <u>Helton v. Secretary for Dept. of Corrections</u>, 259 F.3d 1310, 1314-15 (11th Cir. 2001).

D. <u>Equitable Tolling</u>

The limitations may be equitably tolled if Petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

5

prevented timely filing." Lawrence v. Florida, 127 S.Ct. 1079, 1085 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Equitable tolling is generally unavailable in most cases, and the prisoner "must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  Indeed, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)).

Petitioner has not presented any basis for the limitations period to be equitably tolled.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition as time-barred be GRANTED; and

2. The instant petition be DISMISSED with prejudice for violating the limitations period.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 15, 2007**            **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE