1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GONZALEZ,<br><br>        Petitioner,<br><br>   v.<br><br>DERRAL G. ADAMS,<br><br>        Respondent.<br>_____/ | CV F   07-00859 AWI DLB HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>[Doc. 26] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On November 15, 2007, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DISMISSED.   This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

      On December 14, 2007, Petitioner filed timely objections to the Findings and Recommendation.

      In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

1      In the objections, Petitioner appears to contend that the Magistrate Judge used the wrong

2 accrual date, or starting point, to begin running the statute of limitations.    The one year statute

3 of limitations for federal habeas corpus petitions reads as follows:

>   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).   While the objections contend the Magistrate Judge erred in using Section 2244(d)(1)(A) to begin running the statute of limitations, Petitioner has not alleged that his statute began running pursuant to any of the events set forth in Section 2244(d)(1)(B), Section 2244(d)(1)(C), or Section 2244(d)(1)(D).    While not entirely clear, it appears that Petitioner's contention is that the statute of limitations began to run on the date he either filed his first petition containing the ineffective assistance of counsel claims in the Superior Court or the date the Supreme Court denied review on these claims.    Petitioner points out that his claims of ineffective assistance of counsel were not raised in his direct appeal, and these claims were first raised in Petitioner's state habeas corpus petitions, which he pursued to the California Supreme Court.   Contrary to Petitioner's position, the statute of limitations does not begin to run on the date a claim is first presented to a California court or the date a claim becomes exhausted by the California Supreme Court denying the claim.    Thus, Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued November 15, 2007, is ADOPTED IN FULL;

2. Respondent's motion to dismiss the petition as time-barred is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED, with prejudice;

1   3.    The Clerk of the Court is DIRECTED to enter judgment, terminating this action;
2         and,
3   4.    The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c);
4         <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (in order to obtain a COA,
5         petitioner must show: (1) that jurists of reason would find it debatable whether the
6         petition stated a valid claim of a denial of a constitutional right; and (2) that jurists
7         of reason would find it debatable whether the district court was correct in its
8         procedural ruling.  In the present case, the Court does not find that jurists of
9         reason would not find it debatable whether the petition was properly dismissed,
10        with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1).   Petitioner has not
11        made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

**Dated:    January 17, 2008**                       /s/ Anthony W. Ishii
                                             UNITED STATES DISTRICT JUDGE